UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOSEPH GROSSMAN
            Plaintiff
v.                                        )   Case No. 1:20-cv-00048-DJM-LDA
                                          )
WARDEN DANIEL MARTIN, et al               )
            Defendants                    )

RECEIVED

NOV 02 2020

U.S. DISTRICT COURT
DISTRICT OF R.I.

## NON-PARTY JASON BOUDREAU'S MOTION FOR LIMITED INTERVENTION

Now comes non-party Jason Boudreau, and hereby moves this Honorable Court to allow Mr. Boudreau to intervene in this matter for the limited purpose of attending the deposition of the Plaintiff in order to protect the interests of Mr. Boudreau.

In October, 2020, Boudreau learned that the Defendants would depose the Plaintiff at a yet agreed upon and noticed date. Boudreau promptly contacted the Defendants' counsel, requesting that Boudreau be allowed to attend the Plaintiff's deposition to protect Boudreau's interests. Defense counsel refused, in writing, the request by Boudreau.

Boudreau seeks the opportunity to attend the Plaintiff's deposition for the limited purpose of protecting his interests as any disposition in this matter may affect Boudreau's civil case against the same defendants. See, Boudreau v. Central Falls Detention Facility Corporation, et al, 1:20-cv-00324 -JJM-LDA.

Boudreau has no intention of interfering with or unnecessarily prolonging any deposition of Mr. Grossman. Boudreau is not seeking to represent Mr. Grossman in any deposition. Boudreau is merely requesting the opportunity to protect his own interests that may be adversely affected during the deposition of Mr. Grossman. Boudreau requests that the Court review the requested relief sought below and determine the extent of Boudreau's attendance at Mr. Grossmans deposition.

1

Rule 24(a)

Rule 24(a) - "Intervention of Right" - provides that, "[o]n timely motion, the court must permit anyone to intervene" who "claims in interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

To prevail on a motion to intervene as of right under Rule 24(a)(2), a putative intervenor must deomonstrate: (i) the timeliness of [his] motion to intervene; (ii) the existence of an interest relating to the property or transaction that forms the basis of the pending action, (iii) a realistic threat that the disposition of the action will impede [his] ability to protect that interest; and (iv) the lack of adequate representation of [his] position by an existing party, Candelario-Del-Moral v. UBS Fin. Servs. (In re Efron), 746 F.3d 30, 35 (1st Cir. 2014)

1. The Application to Intervene is Timely

A party seeking to intervene under Rule 24(a) must "file [] their motion soon after learning that their interests may be affected", Fiandaca v. Cunningham, 827 F.2d 825, 834 (1st Cir. 1987). In assessing the timeliness of the proposed intervention, the Court considers (1) the length of time the prospective intervenors knew or reasonably should have known of their interest before they petitioned to intervene, (ii) the prejudice to existing parties due to the intervenor's failure to petition for intervention promptly, (iii) the prejudice the prospective intervenors would suffer if not allowed to intervene, and (iv) the existence of unusual circumstances militating for or against intervention. Caterino v. Barry, 922 F.2d 37, 40 (1st Cir. 1990).

The timeliness inquiry "is inherently fact-sensitive and depends on the totality of the circumstances", R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp, 584 F.3d 1, 7 (1st Cir. 2009). Therefore, the Court considers each factor "in light of the posture of the case at the time the motion is made", Id.

"[T]he timeliness requirement was not designed to penalize prospective intervenors for failing to act promptly; rather, it insures that existing parties to the litigation are not prejudiced by the failure of would-be intervenors to act in a timely fashion", Fiandaca v. Cunningham, 827 F.2d 825, 834 (1st Cir. 1987). "[T]he purpose of the basic requirement that the application to intervene be timely is to prevent last minute disruption of painstaking work by the parties and the court", Cullbreath v. Dukakis, 630 F.2d 15, 22 (1st Cir. 1980). For example, the First Circuit has held that interested parties should be permitted to intervene, even if a case has already gone to trial, when it is evident that relief in the case may impact their interests. See, e.g. Fiandaca, 827 F.2d at 834.

Rule 24 does not define timeliness. However, the Court enjoys substantial discretion in determining the timeliness of a motion to intervene under either Rule 24(a) or Rule 24(b). See, eg. Backer-McKee, Janssen, and Corr. Federal Civil Rules Handbook (2013 ed.) at 707, 712 ("Statutory intervention is still subject to a determination of timeliness, over which the district court enjoys substantial discretion")(citing Ruiz v. Estelle, 161 F.3d 814, 828 (5th Cir. 1998).

The First Circuit has noted that "[t]here is no bright-line rule delineating when a motion to intervene is or is not timeous", Banco Popular de P.R. v. Greenblatt, 964 F.2d 1227, 1230 (1st Cir. 1992). "Instead, courts must decide the question on a case by case basis, examining the totality of

the relevant circumstances", <u>Id</u>

Here, upon learning that the Defendants intended to depose the Plaintiff, Boudreau promptly filed this instant motion. In the instant case, the case is still in the discovery phase and has only been litigated for six months. Importantly, the Defendants have not yet served their notice of deposition on Mr. Grossman, and therefore Boudreau's intervention will not prejudice the Defendants.

2. <u>Mr. Boudreau Has a Sufficient Interest in the Litigation</u>

The issues and facts in the instant case overlap many facts in Boudreau's case involving Boudreau's retaliation claims against the same defendants. Any determination by the Court in Mr. Grossman's case may have an adverse affect on Boudreau's case, including res judicata, stare decisis, and collateral estoppel. In order to sufficiently protect these interests, Boudreau requests that the Court allow Boudreau to attend Mr. Grossman's deposition in order to observe and/or object to matters that would impact Boudreau's case.

In contrast to cases where the presence of non-parties would hinder the discovery process, Mr. Boudreau's presence at Mr. Grossman's deposition may actually help narrow the issues raised by Mr. Grossman's claims. See, Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding") As a matter of judicial economy, it makes sense to permit Mr. Boudreau to observe the deposition.

Rule 24 does not detail what kind of interest a party must have in order to intervene as a matter of right, but the Supreme Court has held that "[w]hat is obviously meant...is a significantly protectable interest",

<u>Donaldson v. United States</u>, 400 U.S. 517, 531, 91 S.CT. 534, 27 L.Ed.2d 580
(1971); see also <u>Kleissler v. United States Forest Serv</u>., 157 F.3d 964, 969
(3rd Cir. 1998)(noting no "precise and authoritative definition of the
interst that satisfies Rule 24(a)(2)" exists).

Boudreau has a legitimate interest in any testimony regarding the events
that occurred on November 20, 2019 through November 22, 2019 with the
Defendants, as Boudreau's own case contains the same set of facts as part of
Boudreau's retaliation claims against the Defendants.

Here, there should be no doubt that Mr. Boudreau has a legally cognizable
interst relating to the property or transactio nthat is the subject of this
action. The Court should find that Mr. Boudreau has demonstrated cause to
attend the deposition as, at a minimum, an observer and that Defendants
cannot articulate good cause for excluding him under Rule 26(c)(1)(E).

3. <u>Mr. Boudreau's Interest May Be Affected or Impaired</u>

Defendants may argue that Boudreau will not be prejudiced if he is not
permitted to intervene in this action, because he is pursuing his individual
claims in a separate action. However, "if an absentee would be substantially
<u>affected</u> in a practical sense by the determination made in an action, he
should, as a general rule, be entitled to intervene", <u>Fed. R. Civ. P. 24</u>
advisory committee's note to 1966 amendment (emphasis added). See, e.g.
<u>Littlefield v. U.S. Dept. of the Interior</u>, 318 F.R.D. 558, 560 (D. Mass. 2016)
(allowing a defendant to intervene, despite prejudice to the plaintiffs,
because "given the [intervenor's] undeniable and compelling interest in the
outcome of th[e] litigation, their risk of prejudice [wa]s substantial").

Once an applicant for intervention has established that he or she has a
sufficient legal interest in the underlying dispute, the applicant must also
show that the interest is in jeopardy in the lawsuit. In making such a

5

Here, Boudreau cannot rely on pro se Mr. Grossman to provide adequate protection to Boudreau's interests. While Boudreau himself is currently proceeding pro se in his civil action against these defendants, Mr. Boudreau has some litigation experience and Boudreau has been deposed in previous litigation and Boudreau has conducted his own deposition of defendants in another case. See, Boudreau v. Lussier, Case No. 13-cv-00388-S-LDA. Therefore, Boudreau is familiar with the proper procedure of depositions and can adequately protect his own interests in any deposition of Mr. Grossman.

<u>RELIEF SOUGHT</u>

Boudreau respectfully requests that the Court allow Boudreau to intervene for the limited purpose of attending Mr. Grossman's deposition. Boudreau requests that the Court grant any or all of the following relief:

1. Allow Boudreau to attend Mr. Grossman's deposition as a silent observer.
2. Allow Boudreau to raise objections to matters that may adversely affect Boudreau's civil case.
3. Allow Boudreau to ask any follow-up questions either during or at the end of the Defendants questions to Mr. Grossman.
4. Allow Boudreau to object and/or move to strike any objectionable testimony that may adversely affect Boudreau's case against these Defendants
5. Any and all other relief that the Court deems just, fair, and appropriate to protect Boudreau's interests.

Respectfully Submitted,

Jason Boudreau
#10950070
Donald W. Wyatt Detention Facility
950 High Street
Central Falls, RI 02863

CERTIFICATION

I, Jason Boudreau, hereby certify that I mailed a copy of this document to attorney Matthew Reeber, Pannone Lopes Devereaux & O'Gara, 1301 Atwood Ave Suite 215, Johnston, RI 02919 on October 28 , 2020.

I, Jason Boudreau, hereby certify that I hand-delivered a copy of this document to Joseph Grossman, 950 High Street, Central Falls, RI 02863 on October 28 , 2020.

Jason Boudreau

8